UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK CHRISTOPHER DOWNEY,

　　　　　　Plaintiff,

　v.

SNOHOMISH COUNTY JAIL MEDICAL DEPARTMENT,

　　　　　　Defendant.

CASE NO. 2:25-cv-01710-BJR-DWC

ORDER DECLINING TO SERVE CIVIL RIGHTS COMPLAINT

Plaintiff Mark Christopher Downey, proceeding *pro se* and *in forma pauperis*, initiated this prisoner civil rights action under 42 U.S.C. § 1983. Dkts. 7, 8. Having reviewed and screened Plaintiff's complaint (Dkt. 8) in accordance with 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, provides Plaintiff leave to file an amended pleading by October 27, 2025, to cure the deficiencies identified herein.

## I.　BACKGROUND

Plaintiff is a pretrial detainee at Snohomish County Corrections ("SCC"). In his complaint signed on August 30, 2025, Plaintiff challenges the medical treatment he received at the facility two days prior. Dkt. 8. Specifically, Plaintiff alleges he experienced chest pains on August 28, 2025. *Id.* at 4. After reporting his symptoms to nursing staff, Plaintiff was placed in

SCC's outpatient unit. *Id.* Plaintiff complains he was not given pain medication, was not administered an electrocardiogram ("EKG"), and was not transported to a hospital. *Id.* at 4–5. Plaintiff alleges he was evaluated by a physician approximately 24 hours later and was returned to his cell without receiving an EKG. *Id.* at 5. Plaintiff states he "do[es] not know" whether the chest pains caused any heart damage. *Id.* Plaintiff names "Medical" at SCC as the sole defendant in the complaint and seeks monetary damages for his claim. *Id.* at 3, 8.

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

## III.   DISCUSSION

Upon review, the Court finds several deficiencies in the complaint. Specifically, Plaintiff fails to name a proper defendant for his § 1983 claim and does not plausibly allege a violation of his constitutional rights. Additionally, it appears Plaintiff did not satisfy the PLRA's exhaustion requirement before initiating this action. Each deficiency is outlined below and, where

appropriate, the Court provides instructions on how the defect may be cured if Plaintiff intends to proceed in this action.

A.      **Improper Defendant**

First, Plaintiff has not named a proper defendant for his § 1983 claim, nor does he allege sufficient facts to establish liability for an individual or official capacity defendant.

To proceed under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a "person" acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 claims may be brought against a "person" in their official or individual capacities. Whether brought against an official or individual defendant, the first step in pleading a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, however, the requirements differ based on the type of defendant sued.

For claims against individuals, the second step of pleading a § 1983 claim is to allege facts showing how an individual defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Claims against individuals serving in supervisory roles may not be brought on the theory a supervisor is vicariously liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 691. Rather, a plaintiff must show the supervisor (1) personally participated in or directed the alleged harm or (2) knew of a risk of harm to the plaintiff and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Sweeping conclusory allegations against are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

ORDER DECLINING TO SERVE CIVIL RIGHTS
COMPLAINT - 3

      To state a claim against an official capacity defendant—such as a county or county official—a plaintiff must allege facts showing the harm alleged in the complaint was caused by an official custom, pattern, or policy permitting deliberate indifference to, or violations of, the plaintiff's civil rights. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691–91 (1978). Importantly, a county "cannot be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. A plaintiff must allege facts sufficient to show the existence of a county policy or custom that was the moving force behind the alleged constitutional deprivation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). A single incident of unconstitutional action is generally insufficient to demonstrate the existence of an official county policy or custom. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021). Finally, for suits involving county entities, the county itself is the only legal entity capable of suing and being sued. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990)). Stated differently, only the primary municipality, county, or local government unit (in this case, Snohomish County) may be sued in a § 1983 action.

      Here, Plaintiff does not name an individual medical provider as a defendant in this suit, nor does his name Snohomish County. *See* Dkt. 8. Instead, Plaintiff asserts his claim against the medical department at SCC, which is not a proper county defendant. *Id.* at 1, 3. Additionally, even if Plaintiff had named Snohomish County as a defendant, he does not allege facts demonstrating any of the harm he allegedly suffered resulted from an official county policy, practice, or custom. Plaintiff also fails to allege facts showing personal participation by any individual medical provider.

      In any amended pleadings, Plaintiff should only name an individual as a defendant if he can put forth sufficient facts demonstrating their personal participation in causing his alleged

ORDER DECLINING TO SERVE CIVIL RIGHTS
COMPLAINT - 4

constitutional injuries. Sweeping allegations against all defendants will not suffice. Instead, Plaintiff must identify the way in which the actions or inactions of each defendant caused him a specific constitutional injury. Further, if Plaintiff intends to pursue official capacity § 1983 claim against a county defendant, he must name the proper defendant and allege facts sufficient to show an official county policy or custom was the moving force behind any constitutional harm alleged.

**B.     Failure to State a Fourteenth Amendment Medical Care Claim**

Next, Plaintiff fails to plausibly allege a constitutional violation resulting from the medical care alleged in the complaint. A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

With respect to the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (cleaned up). Merely showing a difference of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not satisfy this standard. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

Here, Plaintiff does not plausibly allege the medical care he received at SCC was objectively unreasonable under the circumstances. Plaintiff's allegations demonstrate that, after

ORDER DECLINING TO SERVE CIVIL RIGHTS
COMPLAINT - 5

he alerted medical staff to symptoms, he was placed in the outpatient unit, assessed by a physician, and returned to his cell without reporting further pain or injury. Dkt. 8 at 4–5. Although Plaintiff disagrees with the care provided, a difference of medical opinion or dissatisfaction with treatment, without more, is generally insufficient to state a claim under the Fourteenth Amendment.

In any amended pleadings, Plaintiff must allege facts showing the care a defendant provided was not merely negligent but medically unacceptable under the circumstance. That is, Plaintiff must allege facts showing that a reasonable official in the defendant's shoes would have been aware the care provided placed Plaintiff at serious risk of harm and that the defendant, through intentional conduct, disregarded the risk and caused Plaintiff's injuries.

**C.     PLRA Exhaustion Requirement**

Finally, a prisoner must generally exhaust available administrative remedies at their correctional facility before bringing a § 1983 action concerning the conditions at that facility. *See* 42 U.S.C. § 1997e(a). Plaintiff signed his complaint on August 30, 2025—only two days after the alleged incident forming the basis of his claim—and initiated this § 1983 action less than a week later. *See* Dkt. 1; Dkt. 8 at 8–9. On its face, the complaint raises questions about whether Plaintiff had sufficient time to file and fully exhaust the available administrative grievance processes at SCC. Failure satisfy the PLRA's exhaustion requirement before filing suit may result in this action being dismissed.

**IV.     INSTRUCTIONS TO PLAINTIFF**

If Plaintiff intends to proceed in this action, he must file an amended complaint. The amended complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is

connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to a plausibly alleged violations of Plaintiff's rights. If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before October 27, 2025, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 26th day of September, 2025.

David W. Christel
United States Magistrate Judge